[I] VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, TEMPORARY RESTRAINING ORDER, AND DEMAND FOR VOIDANCE OF FRAUDULENT FORECLOSURE ACTION

Brian-Charles *of the House* Colella, *sui juris*
General Executor, Creditor, Beneficiary
c/o [16875] se 90th rainwood avenue
the villages 62, florida
ZIP EXEMPT | Without UNITED STATES

FILED - USDC - FLMD - OCA
JUL 8 2025 PM4:11

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA - OCALA DIVISION

BRIAN COLELLA and PATRICIA PIERCE-COLELLA, *Ens Legis*
by **Brian-Charles** *of the House* **Colella**,
**General Executor**, COLELLA ESTATE-TRUST,

   Plaintiff,

v.

Hon. Judge Steven G. Rogers, in his personal and official capacity as a judicial officer;
FIRST FEDERAL BANK OF KANSAS CITY (FFBKC), or any successor;
BROCK & SCOTT, PLLC (BSPLLC),

   Defendants

_____/

CASE NO: CASE NO: _____

5:25-CV-428-JLB-PRL

## VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, TEMPORARY RESTRAINING ORDER, AND DEMAND FOR VOIDANCE OF FRAUDULENT FORECLOSURE ACTION

### TEMPORARY RESTRAINING ORDER REQUESTED

### I. PRELIMINARY STATEMENT

This VERIFIED COMPLAINT arises from a deliberate and fraudulent foreclosure action initiated by **First Federal Bank of Kansas City ("FFBKC")** and prosecuted through improper legal process by **Brock & Scott, PLLC ("BSPLLC")** without lawful standing, agency authority, or evidence of a perfected and enforceable claim.

The undersigned, **Brian-Charles of the House Colella**, sui juris, a living man and plenary **General Executor** of the COLELLA ESTATE-TRUST, acting also for and on behalf of the titled Ens Legis entities **BRIAN COLELLA** and **PATRICIA PIERCE-COLELLA**, named in prior public records, brings this action seeking immediate federal intervention to halt irreparable harm

Page | 1 of 10

— including wrongful deprivation of real property — caused by false claims of debt, forged or altered instruments, and a manufactured judicial process designed to mislead and dispossess. Defendants have already been **administratively defaulted**, and the purported lien has been **formally released and recorded**. Any continued attempt to enforce said lien constitutes willful commercial trespass, fraud upon the court, and a deprivation of rights under color of law.

## II. JURISDICTION AND VENUE

1. **Jurisdiction** is proper in this United States District Court under:
   - **28 U.S.C. § 1331**, as this action arises under the Constitution and laws of the United States;
   - **28 U.S.C. § 1343**, for redress of deprivations of rights, privileges, or immunities secured by the Constitution by persons acting under color of state law;
   - **28 U.S.C. § 1332**, as there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000;
   - And where applicable, **28 U.S.C. § 1367** for supplemental jurisdiction over state claims arising from the same set of operative facts;

2. This Court has authority to issue **injunctive relief**, including a **Temporary Restraining Order (TRO)** and **Preliminary Injunction** under **Federal Rule of Civil Procedure 65**, to prevent immediate and irreparable harm arising from ongoing false and unlawful foreclosure activity;

3. **Venue** is proper in this District pursuant to **28 U.S.C. § 1391(b)** because the events giving rise to the claims occurred in **Marion County, Florida**, and the real property which is the subject of the wrongful foreclosure action is located therein.

## III. PARTIES

4. Plaintiff, **Brian-Charles** *of the House* **Colella**, *sui juris*, is the living man and **General Executor** of the private COLELLA ESTATE-TRUST, created without his knowledge or consent but administered for the benefit of foreign third-party interests until reclaimed; *and* Acting *on behalf* of the *Ens Legis* constructs **BRIAN COLELLA AND PATRICIA PIERCE-COLELLA**, both legal persons referenced in the wrongful foreclosure filings;

   The named Plaintiff resides on the Land of Florida republic, with **non-domestic mail location:**   c/o  [16875] se 90th rainwood avenue
   the villages 62, florida
   ZIP EXEMPT | Without UNITED STATES

5. **Defendant First Federal Bank of Kansas City (FFBKC)** is a Kansas-chartered banking corporation with its principal place of business at:
   **One Ward Parkway, Suite 100**
   **Kansas City, MO 64112;**
   FFBKC claims to be the "Lender" for a purported October 26, 2108 'mortgage loan' but has summarily **failed** to produce lawful proof of being a party to any contract or agreement by and between the COLELLA ESTATE-TRUST or any of its operating *Ens Legis* constructs; moreover, **FFBKC** has failed to produce evidence of certified accounting records demonstrating the delivery of *any* loan proceeds or lawful consideration at risk, as

Page | 2 of 10

Case 5:25-cv-00428-JLB-PRL Document 1 Filed 07/08/25 Page 3 of 12 PageID 3

[1] VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, TEMPORARY RESTRAINING ORDER, AND DEMAND FOR VOIDANCE OF FRAUDULENT FORECLOSURE ACTION

required under **12 U.S.C. § 83** to establish any enforceable security interest or standing to initiate foreclosure proceedings;

6. **Defendant Brock & Scott, PLLC (BSPLLC)** is a foreign limited liability legal services corporation operating in Florida without proof of proper standing or appointment. Their office(s) involved in this matter are located at:

    - 2001 NW 64th Street
      Fort Lauderdale, Florida 33309; *and*
    - 3825 Forrestgate Drive
      Winston Salem, NC 27103

    BSPLLC acts as purported counsel for FFBKC in prosecuting the foreclosure despite unrebutted evidence of fraud, administrative default, and lack of lawful authority;

7. **Defendant Steven G. Rogers**, a state circuit judge sitting in the Fifth Judicial Circuit (Marion County), issued summary judgment and foreclosure sale orders **without subject matter jurisdiction, without standing, and without sworn proof of claim.**
    These actions were taken in direct contravention of **unrebutted filings** of sworn evidence and **executed under color of law**, constituting a **material breach of due process, separation of powers**, and the; *thus*, invoking immediate federal oversight.

## IV. JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter under **28 U.S.C. § 1331** (federal question), **28 U.S.C. § 1343** (civil rights violations), and **28 U.S.C. § 2201** (declaratory judgment), as the case arises under the Constitution, laws, and treaties of the United States, particularly the **Fourth, Fifth, and Fourteenth Amendments**, as well as federal statutes governing due process, civil rights, and unlawful taking of property under **color of state law.**

9. Venue is proper in this district under **28 U.S.C. § 1391(b)(2)**, as the events giving rise to the claims occurred within Marion County, Florida, which is located within the jurisdictional boundaries of the **Middle District of Florida**.

10. This action seeks injunctive relief, declaratory judgment, and immediate issuance of a **Temporary Restraining Order (TRO)** to halt irreparable injury to the Plaintiff, protect vested property rights, and prevent further deprivation under a fraudulent and unlawful foreclosure process.

## V. FACTUAL BACKGROUND

11. On or about **October 26, 2018**, the Plaintiff was induced to execute a mortgage-related security instrument under the fraudulent misrepresentation by **FFBKC** that lawful funds or a valid loan would be provided; for which No evidence exists of any lawful consideration ever delivered; Instead, the Plaintiff's signature and credit energy were used to monetize and securitize the NOTE negotiable instrument via indorsement, and further concealed its conversion into a Payment Order under UCC § 4A-103, which further rendered the NOTE security **ineligible for securitization**; while maintaining the delusion that a "mortgage loan" had been funded by **FFBKC** with consideration at risk;

Case 5:25-cv-00428-JLB-PRL Document 1 Filed 07/08/25 Page 4 of 12 PageID 4

[1] VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, TEMPORARY RESTRAINING ORDER, AND DEMAND FOR VOIDANCE OF FRAUDULENT FORECLOSURE ACTION

12. A formal **Qualified Written Request** under **15 USC § 2692(e)** was tendered to FFBKC on July 25, 2024 via Untied States Post Certified Mail account **xxxx xxxx xxxx xxxx which** FFBKC failed to submit evidence of claim of a debt or remaining obligation, the subsequent NOTICE OF FAULT with opportunity to cure was tendered to FFBKC on **August 6, 2024** which was returned as undeliverable; a second NOTICE OF FAULT WITH OPPORTUNITY TO CURE was tendered to **FFBKC** via their registered agent in Florida; FFBKC again failed to produce certified records of any outlay of lawful funds or consideration at risk, in violation of **12 U.S.C. § 83**, which prohibits banks from lending their own credit; A formal **NOTICE OF DEFAULT AND DISHONOR** was tendered to FFBKC for failed to demonstrate a perfected security interest or verifiable chain of title, yet falsely asserted standing as a creditor;

13. The legal firm of **Brock & Scott, PLLC ("BSPLLC")**, acting under color of law and purportedly as an unverified "counsel" for **FFBKC**, initiated a judicial foreclosure in **Marion County Circuit Court** *without* a lawful claim (i.e. lack of standing), relying upon unverified evidence and presenting the appearance of sworn statements in conflict with actual fact;

14. Despite the Plaintiff's **unrebutted administrative process** served upon FFBKC, including a Demand for Sworn Proof of Claim, Commercial Affidavit of Truth, and a formally executed **Lien Release and Reconveyance** (*see* **EXHIBIT B1** and **EXHIBIT B2**, attached hereto and incorporated by reference) recorded into the Marion County public record under , **Judge Steven G. Rogers** granted **'ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT'** on **April 29, 2025**, followed by a **Final Judgment of Foreclosure** and Order of Sale, all **without proof of standing, without subject matter jurisdiction, or lawful evidence on record**;

15. All parties have been placed into **default under established due process principles**; FFBKC and BSPLLC failed to rebut any part of the private administrative process and remain **without a certified, enforceable claim**; Nonetheless, **Judge Rogers** proceeded, acting outside constitutional authority and in violation of the Plaintiff's protected rights under the **Fourth and Fifth Amendments**.

16. The Plaintiff, a living man, is now facing **imminent and irreparable harm** through forced sale of real property without lawful adjudication or valid standing from any party involved, and most importantly without evidence of *any* loan being funded by **FFBKC**;
The underlying **NOTE Security** has been converted, satisfied, and lawfully discharged, as evidenced by the formal **NOTICE OF LIEN RELEASE, DEED & RECONVEYANCE** (*see* **EXHIBIT B1** and **EXHIBIT B2**, attached hereto and incorporated by reference); Nonetheless, the fraudulent foreclosure process continues, causing direct harm to the **COLELLA ESTATE-TRUST**, its operating entities and living beneficiaries, *including but not limited to*:

- **Loss of marketable title** and peaceful use and enjoyment of the real property;
- **Reputational harm** through unlawful foreclosure listings and manufactured public records;

- **Financial injury** from unlawful fees, costs, and threats of eviction;
- **Interference with private trust administration,** chilling lawful operations of the COLELLA ESTATE-TRUST;
- **Emotional and psychological duress** incurred by the General Executor and beneficiary heirs of the COLLELLA ESTATE-TRUST in defense of the trust corpus and fiduciary obligations;
- **Accrued commercial damages** now memorialized and due under **Injury Invoice No: 250519-A,** (*see* **EXHIBIT C,** is attached hereto and incorporated by reference) issued pursuant to the lawfully noticed and unrebutted AMENDED FEE SCHEDULE (*see* **EXHIBIT D,** is attached hereto and incorporated by reference), for which **FFBKC, BSPLLC,** and **state actors**, specifically the Florida judiciary acting under color of law, have incurred personal and professional liability;
- Said damages continue to **accrue interest per the published terms,** and all parties have been placed into default for failure to rebut or cure.

Despite these ongoing injuries and the lack of lawful proof of debt, the sale remains falsely scheduled and advertised through the **Marion County Clerk & Comptroller's foreclosure listing website,** thereby **necessitating immediate federal intervention** to halt **unlawful injury, enforce commercial liability,** and **preserve rights secured under the Constitution and applicable equity doctrines:**

## VI. CAUSES OF ACTION
### COUNT 1 – VIOLATION OF DUE PROCESS UNDER THE FOURTH AND FIFTH AMENDMENTS (42 U.S.C. § 1983)

17. Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein.
18. The acts and omissions of Defendant Judge Steven G. Rogers, acting under color of state law and outside lawful judicial capacity, deprived the Plaintiff and the COLELLA ESTATE-TRUST of fundamental due process rights protected under the Fourth and Fifth Amendments of the United States Constitution;
19. Judge Rogers knowingly proceeded to enter orders, including summary judgment and foreclosure sale, in the absence of subject matter jurisdiction, without sworn evidence, and in direct violation of unrebutted filings on the record, including a formal Lien Release **(EXHIBIT B1 and EXHIBIT B2)** and Demand for Proof of Claim, thereby operating ultra vires and outside any form of lawful immunity;
20. The resulting foreclosure action threatens to deprive the Plaintiff of private property without just compensation, without lawful adjudication, and in contravention of all due process protections, thereby triggering a cause of action under 42 U.S.C. § 1983;
21. The Plaintiff seeks declaratory and injunctive relief against all parties named herein, and monetary damages jointly and severally for the constitutional violations inflicted upon him and the COLELLA ESTATE-TRUST;

## COUNT 2 – SECURITIES FRAUD & UNLAWFUL CONVERSION OF NOTE SECURITY INSTRUMENT (UNDER UCC ARTICLES 3, 8, AND 9; 15 U.S.C. § 78j; 18 U.S.C. §§ 513, 514)

22. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

23. On or about **October 26, 2018**, Plaintiff was induced to execute a negotiable NOTE Security instrument on behalf of the COLELLA ESTATE-TRUST title *Ens Legis* entities BRIAN COLELLA AND PATRICIA PIERCE-COLELLA under the false enticement that **FFBKC** would issue a lawful mortgage loan funding involving the transfer of actual funds or consideration;

24. No such consideration was ever delivered by **FFBKC**; Instead, Plaintiff's signature, credit energy, and labor were unlawfully monetized as the source of value, and the NOTE instrument was indorsed and converted into a Payment Order under UCC § 4A-103, sold and/or unlawfully deposited into a FANNIE MAE REMIC after the closing date registered with the Pooling & Servicing Agreement which is demonstrated in the **unrebutted [CERTIFIED FORENSIC AUDIT] AFFIDAVIT OF JOSEPH R. ESQUIVEL JR** (*see* **EXHIBIT E**, enclosed and made a part of herein by reference); *and* for which, upon indorsement and conversion into a Payment Order rendered the NOTE Security **ineligible for securitization**, in specific violation of IRS Code 26 U.S.C. § 860G(d)(1) for Pooling and Servicing Agreements — all without Plaintiff's knowledge, consent, or benefit;

25. This concealed conversion constitutes a form of unlawful securities fraud, governed by UCC Article 3 (Negotiable Instruments), UCC Article 8 (Investment Securities), and UCC Article 9 (Secured Transactions), as well as violations of the Securities Exchange Act of 1934 (15 U.S.C. § 78j) and fraudulent issuance statutes under 18 U.S.C. §§ 513–514;

26. **FFBKC** and its legal agents failed to disclose the true nature of the transaction prior to, during, and subsequent to the CLOSING on October 26, 2018; *and* have unlawfully asserted false standing based on instruments whose proceeds have already been realized and retained by the originating bank or its assigns, rendering the foreclosure claim doubly fraudulent;

27. As a direct result of this fraudulent securitization and concealment, the Plaintiff has suffered damages, including but not limited to, reputational harm, administrative burden, legal expenses, and emotional distress — all of which continue to accrue and are formally invoiced as damages in Injury **Invoice No. 250519-A**, which remains due and owing, and governed by the unrebutted AMENDED FEE SCHEDULE (**EXHIBIT D**) prior noticed and accepted;

28. Plaintiff demands relief in the form of **compensatory damages, treble damages** under securities fraud statutes, and a **permanent bar** on FFBKC, its agents, assigns, or successors from pursuing any further action related to the aforementioned NOTE instrument, **in addition to** the amounts presently due and accruing under the referenced Injury Invoice No. **250519-A** and AMENDED FEE SCHEDULE (**EXHIBIT D**);

## COUNT 3 – VIOLATION OF DUE PROCESS AND UNLAWFUL TAKING OF PROPERTY

*(U.S. Const. Amends. IV, V, XIV; 42 U.S.C. § 1983; 18 U.S.C. § 242)*

29. Plaintiff incorporates all preceding paragraphs as though fully set forth herein;

30. The foreclosure action prosecuted in the Marion County Circuit Court was commenced and advanced without standing, sworn claim, or verified evidence from any party. No Plaintiff in that matter had a perfected security interest, nor any lawful right to enforce a lien, and no valid court could acquire jurisdiction over the underlying subject matter when the NOTE Security was no longer in existence due to its conversion and discharge;

31. Despite the absence of evidence, standing, or jurisdiction, state judge Steven G. Rogers entered an "ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT" on April 29, 2025, followed by a Final Judgment of Foreclosure and Sale. These actions were taken in direct contravention of unrebutted filings, and in express disregard for federal due process requirements under the Fourth, Fifth, and Fourteenth Amendments to the Constitution;

32. The issuance of judgment and scheduling of a foreclosure sale, based on false instruments, commercial misrepresentations, and the fabricated standing of a party already in administrative default, constitutes an unlawful taking of property under color of law;

33. Plaintiff has not been afforded a meaningful opportunity to be heard before an impartial tribunal. The court's reliance upon unverified, fabricated submissions, and its refusal to consider defaulted notices, sworn affidavits, and filed reconveyance instruments, establishes a pattern of willful judicial misconduct;

34. The effect of such actions has been to cause substantial injury and damages to the COLELLA ESTATE-TRUST and to Plaintiff in his personal capacity, including threat of displacement, destruction of title interest, reputational injury, interference with trust operations, emotional distress, and ongoing monetary damages;

35. Furthermore, this deprivation of rights under color of law invokes actionable federal liability under 42 U.S.C. § 1983 and 18 U.S.C. § 242;

36. Plaintiff demands immediate injunctive and equitable relief to halt the scheduled sale, permanent cancellation of the foreclosure proceeding as null and void ab initio, and an award of compensatory and punitive damages against those parties, including judicial officers, found to have engaged in the unlawful deprivation of Plaintiff's rights, property, and due process;

## COUNT 4 – COLLUSION AND ABUSE OF LEGAL PROCESS

*(Restatement (Second) of Torts § 682; 42 U.S.C. § 1985; 18 U.S.C. §§ 371, 1001, 1341, 1343)*

37. Plaintiff incorporates all preceding paragraphs as though fully set forth herein;

38. The purported foreclosure prosecution by FFBKC was not the result of an honest dispute or a genuine claim of default, but rather the product of a coordinated scheme involving the misuse of legal process to unjustly enrich third-party entities through the unlawful liquidation of assets belonging to the COLELLA ESTATE-TRUST;

39. The legal firm **BSPLLC**, knowingly participated in this scheme by filing unverified pleadings and fabricated instruments on behalf of a purported creditor with no perfected security interest, no demonstrated loss, and no chain of title;

40. This process was advanced through intentional concealment of material facts, including:
    a) the conversion and satisfaction of the original NOTE Security,
    b) the discharge and reconveyance recorded in the public record,
    c) the unrebutted administrative default of FFBKC, and
    d) the ineligibility of the underlying instrument for securitization or enforcement.

41. **Judge Steven G. Rogers**, despite constructive and actual notice of these facts, knowingly issued unlawful orders authorizing foreclosure, in violation of constitutional due process, in breach of fiduciary duty, and in disregard of his oath to uphold the law — aiding and abetting an illegal commercial taking under color of judicial authority.

42. This coordinated pattern constitutes abuse of legal process: using the court for an ulterior purpose — namely, to convert satisfied and discharged private property into unjust enrichment for financial institutions and related servicers under fraudulent pretense.

43. Moreover, such coordinated acts fall under the definition of conspiracy to interfere with civil rights under 42 U.S.C. § 1985(2)-(3), and may constitute criminal conspiracy under 18 U.S.C. § 371, submission of false claims under 18 U.S.C. § 1001, and mail/wire fraud under 18 U.S.C. §§ 1341 and 1343.

44. Plaintiff demands the issuance of declaratory relief recognizing the foreclosure process as void ab initio, an order barring FFBKC, BSPLLC, and any affiliated entities from engaging in further acts against Plaintiff's property, and an award of damages against the Defendants jointly and severally, for knowingly conspiring to defraud Plaintiff through color of law and fraudulent legal process.

**DEMAND FOR RELIEF**

WHEREFORE, the Plaintiff, Brian-Charles of the House Colella, sui juris, General Executor of the COLELLA ESTATE-TRUST and authorized agent for the Ens Legis constructs BRIAN COLELLA and PATRICIA PIERCE-COLELLA, having suffered irreparable harm, reputational injury, and trespass upon secured private property and trust assets through coordinated fraud, abuse of legal process, and unlawful judicial actions, formally DEMANDS the following RELIEF from this honorable United States District Court:

A. **IMMEDIATE TEMPORARY RESTRAINING ORDER (TRO)** enjoining First Federal Bank of Kansas City (FFBKC), Brock & Scott, PLLC (BSPLLC), or any purported assigns, servicers, agents, or successors from proceeding with any foreclosure-related activity, eviction attempt, or transfer of title, possession, or interest in the real property described as:

   SEC 27 TWP 17 RGE 23; PLAT BOOK 006 PAGE 101; VILLAGES OF MARION - QUAIL RIDGE VILLAS; LOT 29 [*commonly* known as 16875 SE 90th Rainwood Avenue, The Villages, Florida 32162]

B. **B. DECLARATORY ORDER** voiding any foreclosure judgment or order issued by the Fifth Judicial Circuit Court (State of Florida – Marion County), for lack of subject matter jurisdiction, lack of standing, and violation of due process and constitutional protections.

C. **FORMAL ORDER OF DISMISSAL WITH PREJUDICE** against any foreclosure action filed by or on behalf of FFBKC or BSPLLC against the Plaintiff or against the COLELLA ESTATE-TRUST Ens Legis entities, with prejudice and estoppel from reasserting said claims.

Case 5:25-cv-00428-JLB-PRL Document 1 Filed 07/08/25 Page 9 of 12 PageID 9

[1] VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, TEMPORARY RESTRAINING ORDER, AND DEMAND FOR VOIDANCE OF FRAUDULENT FORECLOSURE ACTION

D. **COMPENSATORY DAMAGES** in an amount to be determined at trial for direct harm caused by false foreclosure claims, legal misconduct, abuse of process, and administrative burden.

E. **TREBLE DAMAGES** pursuant to governing securities fraud statutes, specifically 15 U.S.C. § 78j(b) and related federal fraud statutes, in light of intentional concealment and conversion of the Plaintiff's NOTE Security and equity.

F. **ENFORCEMENT OF INJURY INVOICE No. 250519-A**, submitted as part of this verified complaint, reflecting damages arising from fraud, administrative obstruction, reputational harm, and unlawful trespass upon trust assets. Said invoice shall continue to accrue interest per the unrebutted AMENDED FEE SCHEDULE (**EXHIBIT D**) on file and incorporated by reference herein;

G. **PERMANENT INJUNCTION** against FFBKC, BSPLLC, their agents, assigns, or servicers from initiating any future claim, lien, or enforcement action against the subject real property or any property held in the name of the COLELLA ESTATE-TRUST without verified, sworn, and bonded proof of standing, lawful authority, and perfected claim;

H. **REFERRAL TO FEDERAL AUTHORITIES** for investigation and prosecution of Defendants' actions under 18 U.S.C. §§ 371, 513–514, 1001, 1341, 1343, and 42 U.S.C. § 1985, and related statutes, for conspiracy to defraud, abuse of judicial process, and attempts to unlawfully convert trust-held assets;

I. **SUCH FURTHER RELIEF** as this Court deems proper in equity, including judicial review of all instruments falsely entered into state records and referral to oversight agencies for judicial misconduct and breach of public trust;

this __7th__ day of __July__, 2025, *Without dishonor,*

By: *Brian-Charles©*

Brian-Charles *of the House* Colella
*General Executor*
*on behalf* of the COLELLA ESTATE-TRUST
*Without Recourse, Without Prejudice,*
*All Inalienable Rights Expressly Reserved*

**Enclosures:**

- **EXHIBIT A** - AFFIDAVIT OF TRUTH
- **EXHIBIT B1** - NOTICE OF LIEN RELEASE, DEED AND RECONVEYANCE (B & W Certified Copy, Letter size)
- **EXHIBIT B2** - NOTICE OF LIEN RELEASE, DEED AND RECONVEYANCE (Color copy legal size)
- **EXHIBIT C** - Injury **Invoice No: 250529-A**
- **EXHIBIT D** – AMENDED FEE SCHEDULE
- **EXHIBIT E** - [CERTIFIED FORENSIC AUDIT] AFFIDAVIT OF JOSEPH R. ESQUIVEL JR
- **EXHIBIT F** - NOTICE OF DEFAULT AND DISHONOR – **FFBKC**
- **EXHIBIT G** - UNLAWFUL FORECLOSURE LISTING BY MCCC

[1] – VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, TEMPORARY RESTRAINING ORDER, AND DEMAND FOR VOIDANCE OF FRAUDULENT FORECLOSURE ACTION

- **EXHIBIT H** – ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**CERTIFICATE OF SERVICE**

Copies of the full Equity Packet have been served to the following via United States Certified Mail accounts - Return Receipt Requested *via*

| | |
|---|---|
| **BROCK & SCOTT, PLLC**<br>Attn: Legal Counsel of Record<br>4919 Memorial Hwy Ste 135<br>Tampa, FL 33634-7510 | 9589 0710 5270 2801 5716 25<br><br>United States Post Certified Mail Account |
| **FIRST FEDERAL BANK KANSAS CITY**<br>F/K/A FIRST FEDERAL BANK FSB<br>(*hereinafter* **FFBKC**)<br>11550 Ash Street, Suite 300<br>Leawood, KS 66211 | 9589 0710 5270 2801 5716 32<br><br>United States Post Certified Mail Account |
| **MORTGAGE ELECTRONIC REGISTRATION SYSTEM (MERS)**<br>11819 Miami St., Suite 100<br>Omaha, NE 68164 | 9589 0710 5270 2801 5716 49<br><br>United States Post Certified Mail Account |
| **FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE)**<br>1100 15th Street NW<br>Washington, D.C. 20005 | 9589 0710 5270 2801 5716 56<br><br>United States Post Certified Mail Account |

State of Florida    )
                    )        **JURAT**
County of Marion    )

Subscribed and/or affirmed before me, this __7th__ day of __July__, 2025, upon satisfactory evidence to the identity of the Affiant subscribed above.

No legal advice sought or given.

A sovereign man personally known to me appeared before me.

_Tammy S Bellcase_                                                Seal
NOTARY PUBLIC

My Commission expires: __10/24/2028__

TAMMY BELLCASE
Notary Public - State of Florida
Commission # HH 583904
My Comm. Expires Oct 24, 2028

Brian-Charles *of the House* Colella, *sui juris*
General Executor, Creditor, Beneficiary
c/o [16875] se 90th Rainwood avenue
the villages 62, Florida
ZIP EXEMPT | Without UNITED STATES

FILED - USDC - FLMD - OCA
JUL 8 2025 PM4:11

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA - OCALA DIVISION

BRIAN COLELLA and PATRICIA PIERCE-COLELLA, *Ens Legis*
by Brian-Charles *of the House* Colella,
General Executor, COLELLA ESTATE-TRUST,
   Plaintiff,
v.
Hon. Judge Steven G. Rogers, in his personal and official capacity as a judicial officer;
**FIRST FEDERAL BANK OF KANSAS CITY (FFBKC),** or any successor;
**BROCK & SCOTT, PLLC (BSPLLC),**
   Defendants
_____/

CASE NO: 5:25-CV-428-PRL
JLB-PRL

### CERTIFICATE OF SERVICE
(Pertaining to Verified Complaint for TRO Filing)

I, man **Brian-Charles** *of the House* **Colella**, *sui juris*, **General Executor** of the COLELLA ESTATE-TRUST, hereby certify that a true and correct copy of the Verified Complaint for Declaratory and Injunctive Relief, Temporary Restraining Order, and Demand for Voidance of Fraudulent Foreclosure Action, together with all accompanying EXHIBITS and the Brief in Support, was served via United States Postal Service Certified Mail with Return Receipt to the following parties on July 7, 2025:

| Recipient | Tracking |
|---|---|
| HON. JUDGE STEVEN G. ROGERS<br>Fifth Judicial Circuit – Marion County (**FJCMC**)<br>Courthouse<br>110 NW 1st Avenue<br>Ocala, Florida 34475 | ========================<br>9589 0710 5270 2801 5716 63<br>========================<br>**United States Post Certified Mail Account** |
| FIRST FEDERAL BANK OF KANSAS CITY (**FFBKC**)<br>Attn: Legal Department<br>6900 N. Executive Drive<br>Kansas City, MO 64120 | ========================<br>9589 0710 5270 5716 32<br>========================<br>**United States Post Certified Mail Account** |
| BROCK & SCOTT, PLLC (**BSPLLC**)<br>3825 Forrestgate Drive<br>Winston Salem, NC 27103<br>FLCourtDocs@BrockandScott.com | ========================<br>9589 0710 5270 2801 5716 25<br>========================<br>**United States Post Certified Mail Account** |

1 of 2

CERTIFICATE OF SERVICE

**Documents Included in this Mailing:**

1. JS-44 CIVIL COVER SHEET
2. JS-44 Addendum
3. Brief in Support of TRO
4. Verified Complaint for Declaratory and Injunctive Relief
5. EXHIBIT A – Affidavit of Truth and Material Facts
6. EXHIBIT B1 – Recorded Notice of Lien Release, Deed & Reconveyance
7. EXHIBIT B2 – Release of Lien and Deed of Reconveyance
8. EXHIBIT C – Injury Invoice No. 250519-A
9. EXHIBIT D – Amended Fee Schedule
10. EXHIBIT E – Certified Forensic Audit Affidavit
11. EXHIBIT F – Final Default Notice and Dishonor FFBKC / BSPLLC (September 2024)
12. EXHIBIT G – Unlawful Foreclosure Sale Listing without Jurisdiction
13. EXHIBIT H – Order Granting Plaintiffs Motion for Summary Judgment
14. CERTIFICATE OF SERVICE

Executed this 7th day of July, 2025, *Without dishonor,*

By: *Brian Charles* ©
Brian-Charles *of the House* Colella
*General Executor,* COLELLA ESTATE-TRUST
*Without Recourse, Without Prejudice,*
*All Inalienable Rights Expressly Reserved*