UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BRIAN COLELLA and PATRICIA
PIERCE-COLELLA,

      Plaintiffs,

v.

                                          Case No.: 5:25-cv-00428-JLB-PRL

HONORABLE STEVEN G. ROGERS,
FIRST FEDERAL BANK OF KANSAS
CITY, and BROCK & SCOTT, PLLC,

      Defendants.

_____/

## ORDER

Plaintiffs Brian Colella ("Mr. Colella") and Patricia Pierce-Colella ("Ms. Colella"), appearing *pro se*, filed a Complaint seeking to challenge a Final Judgment of Foreclosure and Order of Sale issued by Florida Circuit Judge Rogers in Plaintiffs' Marion County civil court case. (*See generally* Doc. 1). Mr. Colella filed a separate Motion for Temporary Restraining Order and Preliminary Injunctive Relief ("TRO") the same day. (*See* Doc. 2). Given Mr. Colella's *pro se* status, the Court construes his motion liberally; however, he must still comply with procedural rules. *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir.2002) (explaining that, although courts give liberal construction to the pleadings of *pro se* litigants, the Eleventh Circuit "nevertheless ha[s] required them to conform to procedural rules."). The Court finds that Mr. Colella's TRO fails to comply with Federal Rule of Civil Procedure 65 and the Local Rules for the Middle District of Florida.

1

Under Federal Rule of Civil Procedure 65(b), Mr. Colella must show the following for the Court to issue a temporary restraining order:

> (1) *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
>> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>>
>> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b).  Additionally, the Middle District of Florida's Local Rule 6.01 states that Mr. Colella must include a precise and verified description of the conduct and persons subject to restraint, an explanation of the amount and form of the required security, and a proposed order.  *See* M.D. Fla. R. 6.01.  Mr. Colella does not satisfy the requirements set forth under Federal Rule of Procedure 65 or the Local Rules.  *See* Fed. R. Civ. P. 65(b); M.D. Fla. R. 6.01.

Even absent these procedural defects, Mr. Colella's motion would still fare unsuccessful.  As an initial matter, to seek resolution of these claims, Mr. Colella must file appropriate motions in his Marion County civil court case and/or in the Florida appellate court charged with reviewing such claims for Marion County state trial courts, Florida's Fifth District Court of Appeal.  *See Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (holding that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts).

2

Additionally, as a general matter, state judges have judicial immunity from suit. Nothing in these allegations suggests that Judge Rogers has operated outside of his role as a state circuit judge. *See McCullough v. Finley*, 907 F.3d 1324, 1330 (11th Cir. 2018) (citing *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (A judge enjoys "absolute immunity from suit for judicial acts performed within the jurisdiction of his court.")). Further, Mr. Colella filed this lawsuit in his capacity as general executor of the Colella Estate-Trust (the "Estate"). (*See* Doc. 1 at 1). An executor may not represent an estate *pro se* where there are additional beneficiaries, other than the executor, and/or where the estate has outstanding creditors. *Iriele v. Griffin*, 65 F.4th 1280, 1284–85 (11th Cir. 2023). In such cases, an estate must be represented by counsel. *Id.* Plaintiffs are therefore **DIRECTED** to file supplemental briefing addressing whether the Estate has additional beneficiaries and/or creditors. This supplemental briefing shall be filed on or before July 24, 2025.

Accordingly, Mr. Colella's TRO (Doc. 2) is **DENIED without prejudice**. The Court again advises Mr. Colella that, to seek resolution of these claims, he must file appropriate motions in his Marion County civil court case and/or in the Florida appellate court charged with reviewing such claims for Marion County state trial courts, Florida's Fifth District Court of Appeal. *See Casale*, 558 F.3d at 1260.

Accordingly, it is now **ORDERED**:

1. Mr. Colella's TRO (Doc. 2) is **DENIED without prejudice**.

2. Plaintiffs are **DIRECTED** to file supplemental briefing addressing whether the Estate has additional beneficiaries and/or creditors.  This supplemental briefing shall be filed on or before July 24, 2025.

**ORDERED** in Ocala, Florida on July 9, 2025.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE